Argued and submitted January 13, decision of the Court of Appeals and judgment
of the circuit court affirmed September 10, 2004

## William R. LYONS
and Barbara A. Lyons,
Co-Personal Representatives of the
Estate of Scott Alan Lyons, Deceased,
*Petitioners on Review,*

*v.*

## WALSH & SONS TRUCKING CO., LTD.,
*Respondent on Review.*

## WALSH & SONS TRUCKING CO., LTD.,
*Third-Party-Plaintiff,*

*v.*

## James Eugene MAY, Jr.,
*Third-Party-Defendant.*

(CC 98-06-04337; CA A110332; SC S49907)

96 P3d 1215

Meagan A. Flynn, of Preston Bunnell & Stone, LLP, Portland, argued the cause and filed the brief for petitioners on review.

I. Franklin Hunsaker, of Bullivant Houser Bailey, PC, Portland, argued the cause and filed the brief for respondent on review. With him on the brief were Richard J. Whittemore and Holly E. Pettit.

Helen T. Dziuba, Lake Oswego, filed the brief for *amicus curiae* Oregon Trial Lawyers Association.

GILLETTE, J.

## GILLETTE, J.

This personal injury case arose out of a fatal automobile collision between a truck belonging to defendant Walsh & Sons Trucking (Walsh) and an Oregon State Police (OSP) vehicle. Plaintiffs are the parents and copersonal representatives of OSP Trooper Lyons, who was killed in the accident along with his colleague, OSP Sergeant Rector. Rector was driving the OSP vehicle. Plaintiffs brought a wrongful death action against Walsh. The case was tried to a jury, which returned a verdict for Walsh. Plaintiffs appealed, arguing to the Court of Appeals that the trial court had erred both in admitting certain evidence relating to Rector's fault in causing the accident and in refusing to instruct the jury in the manner that plaintiffs had requested respecting the way in which the jury could consider Rector's conduct.[1] The Court of Appeals affirmed. *Lyons v. Walsh & Sons Trucking Co., Ltd.*, 183 Or App 76, 51 P3d 625 (2002). We allowed plaintiffs' petition for review and now affirm, but for reasons other than those that the Court of Appeals stated.

We take our statement of the operative facts, together with the procedural history of the trial, from the opinion of the Court of Appeals:

"On September 2, 1997, OSP Trooper Chin was patrolling on Crescent Cutoff Road near Gilchrist when he saw a pickup truck skid through a T-intersection and crash down the embankment on the opposite side of the road. In response, Chin pulled his unmarked patrol car off to the side of the eastbound travel lane and activated the car's grille lights.

"At the same time, Trooper Lyons and Sergeant Rector were patrolling in the area. They learned about the accident and, with Rector driving their marked OSP Jeep Cherokee, approached the accident from the opposite (westbound) direction. Behind them, also traveling west, was a tractor trailer driven by defendant's employee, William Melillo. As the Jeep approached the accident scene, it began to slow and move gradually onto the westbound shoulder of

---

[1] Specifically, the trial court declined on several different occasions to instruct the jury that the jury could consider Rector's conduct only if that conduct were the "sole and exclusive" cause of Lyons's death.

the road. Melillo continued to approach at more than 50 miles per hour, but moved his truck to the left, partly over the yellow center line. At that point, Rector made a U-turn, turning in front of Melillo towards the opposite side of the road where Chin was parked. Melillo was unable to stop, and his truck struck the Jeep in a "T-bone" fashion. At the time of the collision, the Jeep's blue and red flashing lights were activated, as was its left turn signal. Both Lyons and Rector died as a result of the collision. Later laboratory tests revealed that Melillo had methamphetamine in his system at the time of the collision.

"In June 1998, plaintiffs brought this wrongful death action against defendant. Plaintiffs alleged that Melillo had been negligent in numerous particulars, including driving the truck at excessive speed under the circumstances, failing to yield the right-of-way to an emergency vehicle, and driving under the influence of a controlled substance, and that Melillo's negligence had caused Lyons's death.

"Before trial, plaintiffs moved to prevent defendant from presenting any 'evidence, argument or information that asks the jury to attribute any fault for the accident to the actions of Sergeant Rector.' * * * In addition, plaintiffs sought to exclude, as 'unhelpful,' opinion evidence by various OSP experts that Rector's U-turn was the 'principal contributing factor' in causing the accident. The trial court denied plaintiffs' motions."

*Lyons*, 183 Or App at 78-79.

The parties agreed that both Rector and his employer, OSP, were immune from liability for the accident under the "exclusive remedy" provision of the workers' compensation statutes. ORS 656.018(1)(a).[2] However, the parties disagreed as to how the jury was to be informed of that fact. Plaintiffs asked the trial court to give one of three alternative

_____

[2] ORS 656.018(1)(a) provides:

"The liability of every employer who satisfies the duty required by ORS 656.017(1) is exclusive and in place of all other liability arising out of injuries, diseases, symptom complexes or similar conditions arising out of and in the course of employment that are sustained by subject workers, the workers' beneficiaries and anyone otherwise entitled to recover damages from the employer on account of such conditions or claims resulting therefrom, specifically including claims for contribution or indemnity asserted by third persons from whom damages are sought on account of such conditions, except as specifically provided otherwise in this chapter."

instructions, the gist of each of which was that the jury should not "weigh or consider" Rector's conduct unless the jury found that the accident had been the "sole and exclusive" result of that conduct. The court declined, on grounds not relevant to our disposition of this case, to give any of the three instructions. Instead, the court instructed the jury as follows:

"Sergeant Rector is not a party to this case because, under Oregon law, he and the Oregon State Police are immune from liability for negligence to the estate of Scott Lyons.

"You may, however, consider his actions as part of the overall circumstances existing at the time of this accident in assessing the claims of negligence in this case. If you find that Defendant Walsh & Sons' truck driver was negligent and that his negligence was a substantial factor in causing the accident and the death of Scott Lyons, you will not compare that negligence with any negligence by Sergeant Rector."

Plaintiffs then asked the trial court to pose a special interrogatory to the jury that asked whether the accident was caused "solely and exclusively" by Rector's conduct. The court declined to do so. What happened next is pivotal to our disposition of this case. The court submitted a special verdict form to the jury, the first question of which asked:

"Was defendant WALSH & SONS TRUCKING CO., LTD. negligent in one or more of the ways claimed by the plaintiffs and, if so, was such negligence a cause of damage to the plaintiffs?"

The jury answered "No" to that question, resulting in a verdict in favor of Walsh.

On appeal, plaintiffs assigned several errors respecting the trial court's consistent refusal to instruct the jury that it could not consider Rector's conduct unless it were to find that Rector's conduct had been the "sole and exclusive" cause of the accident. In so arguing, plaintiffs relied on *former* ORS 18.470 (2001), *renumbered as* ORS 31.600 (2003), which provides, in part:

"(2)  The trier of fact shall compare the fault of the claimant with the fault of any party against whom recovery is sought, the fault of third party defendants who are liable

in tort to the claimant, and the fault of any person with whom the claimant has settled. The failure of a claimant to make a direct claim against a third party defendant does not affect the requirement that the fault of the third party defendant be considered by the trier of fact under this subsection. Except for persons who have settled with the claimant, *there shall be no comparison of fault with any person:*

"(a)   *Who is immune from liability to the claimant;*

"* * * * *

"(5)   *This section does not prevent a party from alleging that the party was not at fault in the matter because the injury or death was the sole and exclusive fault of a person who is not a party in the matter."*

(Emphasis added.)

The Court of Appeals rejected plaintiffs' arguments, ruling that the text of *former* ORS 18.470 concerned apportionment of comparative fault, not substantial factor causation:

"We * * * conclude that ORS 18.470(2) and (5) do not * * * render inadmissible evidence of an immune actor's conduct that is relevant to determining whether a defendant's conduct was a substantial factor in causing an injury."

*Lyons*, 183 Or App at 85. Plaintiffs' requested instructions were incorrect, the court concluded, because they were based on a contrary assumption. *Id.* at 85-86. Plaintiffs' objection to the instruction that the trial court did give was unwarranted for the same reason, in the Court of Appeals' view. *Id.* at 86. After addressing one further assignment of error, which dealt with the separate question whether the trial court had erred in admitting certain evidence concerning Rector's responsibility for the accident, the Court of Appeals affirmed the judgment for Walsh. *Id.* at 88.

Plaintiffs petitioned for, and we allowed, review in this court to consider whether the Court of Appeals' reading of the wording of *former* ORS 18.470(2) and (5) is correct. However, upon examining the record, we now conclude that we cannot reach that issue because of the nature of the verdict that the jury rendered.

As noted, the first question on the special verdict form asked the jury:

"Was defendant WALSH & SONS TRUCKING CO., LTD. negligent in one or more of the ways claimed by the plaintiffs and, if so, was such negligence a cause of damage to the plaintiffs?"

And, as noted, the jury's answer to that question was a simple "No." Because the instruction asked a compound question, the issue naturally arises: Did the jury decide that Walsh was not negligent or, instead, did the jury decide that Walsh, although negligent, did not cause damage to plaintiffs? The answer is that we cannot tell; either decision would have been permissible on the evidence presented.

Our inability to determine which ground led the jury to decide as it did is important, because plaintiffs have focused all their arguments in this court on the second part of the question. That is, plaintiffs assert that the instructions that the trial court gave and the evidence that it admitted improperly permitted the jury to consider Rector's conduct in assessing whether Walsh's conduct was a substantial factor in causing the accident. But such errors by the trial court, if errors they were, are irrelevant if the jury decided the case instead on the pristine proposition that Walsh was not negligent.[3]

When, as here, a party seeks reversal of a jury verdict and a remand for a new trial, ORS 19.415(2) directs us to grant such relief only for an error "substantially affecting the rights of a party." Recently, in *Shoup v. Wal-Mart Stores, Inc.*, 335 Or 164, 61 P3d 928 (2003), this court explained that that statute requires more than speculation concerning whether an alleged error affected a jury's verdict:

---

[3] The only suggestion that plaintiffs advanced that might have clarified the jury's actual reason for rendering a verdict for Lyons was their request for a special interrogatory. However, plaintiffs' only argument to the trial court (and, later, to the Court of Appeals) in support of their request for the special interrogatory was based on the same theory that underlay their other arguments. Plaintiffs never argued, either to the trial court or to the Court of Appeals, that the special interrogatory was necessary to permit plaintiffs to demonstrate that the trial court's errors (if errors they were) actually harmed their case. And, in this court, plaintiffs have abandoned altogether their argument that the failure to give the special interrogatory was error.

"The possibility that an error might have resulted in a different jury verdict is insufficient under the statute. Instead, the court must be able to conclude, from the record, that the error 'substantially affect[ed]' the rights of the losing party. Moreover, the statute protects the trial court judgment from reversal or modification 'except for' error substantially affecting a party's rights, indicating that reversal of a judgment is the exception, not the rule. The rule embodied in ORS 19.415(2) is neutral as between plaintiffs and defendants; it places the burden to make a record that demonstrates prejudicial error on whichever party loses in the trial court and then seeks reversal or modification of the judgment on appeal."

*Id.* at 173-74.

What this court stated in *Shoup* applies equally to the narrow problem that the form of jury verdict used in the present case poses. This was not a case in which the plaintiff advanced a single factual theory of liability that the form of jury verdict reflected. Nor did this case involve other kinds of asserted trial error, such as a faulty jury instruction, that may call for a different analysis of whether the error "substantially affect[s] the rights of a party" under ORS 19.415(2). The jury verdict could have been based on one of two different rationales that the jury verdict form identified; it is impossible to tell which the jury used. Plaintiffs' claims of error may or may not be well taken, but they depend on an assumption that the jury's verdict was based on one rationale only. The present record does not support plaintiffs' assumption, and, because they are asserting error, the consequences of the inadequacy of the record in that respect fall on plaintiffs. *Id.* at 174. That is, plaintiffs cannot show, on this record, that any of the alleged errors about which they complain "substantially affect[ed]" their rights. Plaintiffs thus cannot prevail here.

It follows from the foregoing that we must affirm the decision of the Court of Appeals and the judgment of the trial court. In doing so, however, we express no opinion concerning the merits of the analysis of the issues in the decision of the Court of Appeals.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.