Argued and submitted May 3, Wilson High School, Portland, affirmed
July 31, 2002

## William R. LYONS
and Barbara A. Lyons,
Co-Personal Representatives of the
Estate of Scott Alan Lyons, Deceased,
*Appellants,*

*v.*

## WALSH & SONS TRUCKING CO., LTD.,
*Respondent.*

## WALSH & SONS TRUCKING CO., LTD.,
*Third-Party Plaintiff,*

*v.*

James Eugene MAY, Jr.,
*Third-Party Defendant.*

9806-04337; A110332

51 P3d 625

Meagan A. Flynn, argued the cause for appellants. With her on the briefs was Preston Bunnel & Stone, LLP.

I. Franklin Hunsaker argued the cause for respondent. With him on the brief were Richard J. Whittemore and Bullivant Houser Bailey.

Before Haselton, Presiding Judge, and Landau and Armstrong, Judges.

HASELTON, P. J.

**HASELTON, P. J.**

In this personal injury case arising out of a fatal automobile accident, plaintiffs, the parents and co-personal representatives of the estate of Oregon State Police Trooper Scott Lyons, appeal from a jury verdict and judgment in favor of defendant Walsh & Sons Trucking Company. On appeal, plaintiffs argue that the trial court reversibly erred both in admitting evidence describing the fault of Lyons's colleague, OSP Sergeant Rector, and in failing to instruct the jury that Rector's conduct could be considered only if it was the "sole and exclusive" cause of Lyons's death. We affirm.[1]

On September 2, 1997, OSP Trooper Chin was patrolling on Crescent Cutoff Road near Gilchrist when he saw a pickup truck skid through a T-intersection and crash down the embankment on the opposite side of the road. In response, Chin pulled his unmarked patrol car off to the side of the eastbound travel lane and activated the car's grille lights.

At the same time, Trooper Lyons and Sergeant Rector were patrolling in the area. They learned about the accident and, with Rector driving their marked OSP Jeep Cherokee, approached the accident from the opposite (westbound) direction. Behind them, also traveling west, was a tractor trailer driven by defendant's employee, William Melillo. As the Jeep approached the accident scene, it began to slow and move gradually onto the westbound shoulder of the road. Melillo continued to approach at more than 50 miles per hour, but moved his truck to the left, partly over the yellow center line. At that point, Rector made a U-turn, turning in front of Melillo towards the opposite side of the road where Chin was parked. Melillo was unable to stop, and his truck struck the Jeep in a "T-bone" fashion. At the time of the collision, the Jeep's blue and red flashing lights were activated, as was its left turn signal. Both Lyons and Rector died as a result of the collision. Later laboratory tests revealed that

---

[1] Given our disposition, we need not, and do not, address defendant's cross-assignment of error. That cross-assignment challenged the trial court's denial of defendant's motion to exclude certain evidence that William Melillo, defendant's employee who was driving the truck involved in the fatal accident, may have been impaired at the time of the accident from methamphetamine use.

Melillo had methamphetamine in his system at the time of the collision.

In June 1998, plaintiffs brought this wrongful death action against defendant. Plaintiffs alleged that Melillo had been negligent in numerous particulars, including driving the truck at excessive speed under the circumstances, failing to yield the right-of-way to an emergency vehicle, and driving under the influence of a controlled substance, and that Melillo's negligence had caused Lyons's death.

Before trial, plaintiffs moved to prevent defendant from presenting any "evidence, argument or information that asks the jury to attribute any fault for the accident to the actions of Sergeant Rector." Plaintiffs reasoned as follows: (1) Under ORS 656.018(1), which establishes workers' compensation exclusivity, Rector and the State of Oregon were immune from civil liability. (2) ORS 18.470 precludes "comparison of fault" with immune persons unless the injury is the "sole and exclusive fault" of the immune person. *See* ORS 18.470(2); ORS 18.470(5).[2] (3) Thus, any evidence or argument by defendant as to Rector's negligence was irrelevant to the material issues in the case. In addition, plaintiffs sought to exclude, as "unhelpful," opinion evidence by various OSP experts that Rector's U-turn was the "principal contributing factor" in causing the accident. The trial court denied plaintiffs' motions.

The case was tried to a jury in April 2000. During the trial, there were continuing discussions between the court and counsel as to the limitations, if any, on the jury's consideration of Rector's conduct and contribution to the collision. During their case-in chief, plaintiffs argued that the court should give the following precautionary instruction:

> "If you find that Sergeant Rector's negligence was the sole and exclusive cause of the accident between the Oregon State Police Jeep and the Walsh truck, then neither defendant Walsh & Sons Trucking nor third-party defendant James May [the driver of the pickup truck that Chin saw skid through the intersection] is liable to the estate of Scott Lyons."

---

[2] The text of those statutes is set out below. 183 Or App at 84-85.

The court declined to do so, reasoning that the proposed instruction

"does suggest, inherent in the way it's phrased, that it puts the burden of proof on the defendant, as opposed to establishing that—putting it the way that—that you've met your burden of proof of showing some negligence by Walsh & Sons and that that negligence was a substantial factor."

In lieu of the instruction sought by plaintiffs, the court gave the following precautionary instruction:

"Sergeant Rector is not a party to this case because, under Oregon law, he and the Oregon State Police are immune from liability for negligence to the estate of Scott Lyons.

"You may, however, consider his actions as part of the overall circumstances existing at the time of this accident in assessing the claims of negligence in this case. If you find that Defendant Walsh & Sons' truck driver was negligent and that his negligence was a substantial factor in causing the accident and the death of Scott Lyons, you will not compare that negligence with any negligence by Sergeant Rector."

At the close of the evidence, plaintiffs proposed three alternative instructions that, while varying in their details, all directed the jury that it should not "weigh or consider" Rector's conduct unless it found that the accident was the "sole and exclusive" result of that conduct.[3] The court

---

[3] Plaintiffs' requested jury instruction No. 17 stated, in pertinent part:

"In determining whether the defendants are liable for the death of Scott Lyons, you need not find that the conduct of the defendants was the only cause of the injury. However, you are not to weigh or consider the conduct of Sergeant Rector unless you find that Scott Lyons's death was the sole and exclusive, meaning 100%, result of the conduct of Sergeant Rector."

Plaintiffs' requested jury instruction No. 18 stated, in pertinent part:

"In determining whether the defendants are liable for the death of Scott Lyons, you are not to weigh or consider the conduct of Sergeant Rector unless you find that Scott Lyons's death was the sole and exclusive result of the conduct of Sergeant Rector."

Plaintiffs' requested jury instruction No. 22 stated, in pertinent part:

"If you find that the collision was the sole and exclusive result of the conduct of Sergeant Rector, then defendants are not liable for Scott Lyons's death. However, if you find that the collision was not the sole and exclusive result of the conduct of Sergeant Rector, then you are not to weigh [or] consider any partial contribution that Sergeant Rector's conduct may have made to the collision."

declined to give any of those variations on the common theme:

> "For the reasons we discussed quite robustly on Friday when we were off the record, I was persuaded that to include the language 'sole and exclusive' would run too great a risk of suggesting to the jury, notwithstanding the other instructions here, that some burden of proof on that matter has been shifted to the defendant, and, therefore, I'm declining to give it."

Instead, the court instructed the jury as follows:

> "As I told you earlier, Sergeant Rector and the Oregon State Police are immune from liability and are not parties to this lawsuit. If you find that defendant Walsh was negligent and that this negligence was a substantial factor in causing the accident and the death of Scott Lyons, you will not compare that negligence with any negligence of Sergeant Rector.
>
> "* * * * *
>
> "You will not compare any negligence of Sergeant Rector and any negligence of Walsh or [third-party defendant] May. Plaintiffs have the burden of proving by a preponderance of the evidence that defendant Walsh was negligent and that this negligence was a cause of the accident and the death of Scott Lyons and their damages.
>
> "* * * In order to be a cause of the injury, an act must be a substantial factor in producing the injury. 'Substantial' means important and material, and not insignificant. Many factors or things may operate independently or together to cause an accident. In such case, each may be a cause of the accident, even though the other would have been sufficient to cause the same accident. You need not find that one person's conduct was the sole cause of the accident."

For the same reasons that it rejected plaintiffs' proposed instructions, the court rejected plaintiffs' request that the jury be directed to answer a special interrogatory about whether the collision was caused "solely and exclusively" by Rector's conduct.[4] Instead, the court chose to give a special verdict form that, without reference to Rector, merely asked:

---

[4] That special interrogatory asked, in pertinent part:

"1. Was the collision that resulted in the death of Scott Lyons caused solely and exclusively by the actions of Sergeant James Rector?

"Was defendant WALSH & SONS TRUCKING CO., LTD. negligent in one or more of the ways claimed by the plaintiffs and, if so, was such negligence a cause of damage to the plaintiffs?"

The jury answered that question "No" and, thus, returned a verdict in favor of defendant.

On appeal, plaintiffs assign error to the trial court's denial of their motions *in limine* and refusal to give their requested jury instructions, as well as challenge the adequacy of the jury instructions that were given by the court. Virtually all of those assignments, whether pertaining to the admission of the evidence of Rector's role in the accident or the rejection of the proposed "sole and exclusive fault" instructions and special interrogatory, depend on a common premise: Given ORS 18.470's proscription that "there shall be no comparison of fault" with an immune person, Rector's role in causing the accident was irrelevant, and could not be properly considered, unless it was the "sole and exclusive cause" of the accident. As explained below, we reject that premise.

The validity of plaintiffs' fundamental premise depends on the answer to two questions. First, but for ORS 18.470(2) and (5), would evidence of Rector's conduct be relevant to determining whether defendant is legally responsible for Trooper Lyons's death? Second, if that evidence would otherwise be relevant, do ORS 18.470(2) and (5) somehow

---

"ANSWER: _____ (Insert 'Yes' or 'No').

"If your answer to question 1 is 'Yes,' your verdict is for the defendant Walsh & Sons Trucking Co., Ltd. Your presiding juror should sign this verdict form. Do not answer any more questions.

"If your answer to question 1 is 'No,' proceed to question 2.

"2. Was the defendant Walsh & Son Trucking Co., Ltd. negligent in one or more of the ways claimed by plaintiffs which was a cause of injury to plaintiffs?

"ANSWER: _____ (Insert 'Yes' or 'No').

"If your answer to question 2 is 'No,' your verdict is for the defendant Walsh & Sons Trucking Co., Ltd. Your presiding juror should sign this verdict form. Do not answer any more questions.

"If your answer to question 1 is 'Yes,' proceed to question 3.

"3. What are plaintiffs' damages?

"Non-economic damages $ _____

"Economic damages $ _____ "

operate to alter that result? We consider each question in turn.

■■ A party is liable in negligence only if its conduct was a "substantial factor" in causing the plaintiff's injury. *Stoeger v. Burlington Northern Railroad Co.*, 323 Or 569, 579-80, 919 P2d 39 (1996) (identifying negligence and causation as material facts to be determined by the factfinder); *Brennen v. City of Eugene*, 285 Or 401, 413, 591 P2d 719 (1979) (test for legal causation is whether the defendant was at least a "substantial factor" in bringing about the plaintiff's injury). The term "substantial factor" is amorphous. *Furrer v. Talent Irrigation District*, 258 Or 494, 511, 466 P2d 605 (1971) ("The term 'substantial factor' expresses a concept of relativity which is difficult to reduce to further definiteness.").[5] Nevertheless, the determination of whether a particular actor's conduct is a "substantial factor" in causing a particular result cannot be made in isolation. Rather, as *Furrer*'s reference to "relativity" recognizes, that determination must be made with reference to the totality of potentially causative circumstances.

■■ Section 433 of the *Restatement (Second) of Torts* (1965),[6] captures that principle:

"The following considerations are in themselves or in combination with one another important in determining whether the actor's conduct is a substantial factor in bringing out harm to another:

"(a) *the number of other factors which contribute in producing the harm and the extent of the effect which they have in producing it;*

"(b) whether the actor's conduct has created a force or series of forces which are in continuous and active operation up to the time of the harm, or has created a situation harmless unless acted upon by other forces for which the actor is not responsible;

"(c) lapse of time." (Emphasis added.)

Comment d to the same section explains:

---

[5] *See also* UCJI 23.01 (defining a "substantial factor" as an "important or material factor and not one that is insignificant").

[6] *See Davis v. Pacific Diesel*, 41 Or App 597, 604, 598 P2d 1228 (1979) (citing the *Restatement (Second) of Torts* § 433 with approval).

"There are frequently a number of events each of which is not only a necessary antecedent to the other's harm, but it is also recognizable as having an appreciable effect in bringing it about. Of these the actor's conduct is only one. Some other event which is a contributing factor in producing the harm may have such a predominant effect in bringing it about as to make the effect of the actor's negligence insignificant and, therefore, to prevent it from being a substantial factor. So too, although no one of the contributing factors may have such a predominant effect, their combined effect may, as it were, so dilute the effects of the actor's negligence as to prevent it from being a substantial factor."

In truth, that statement is unremarkable. It simply acknowledges the reality that many, perhaps most, accidents are the product of multiple causes and interrelated dynamics. Whether any particular cause, or any individual actor's conduct, is sufficiently "substantial" to warrant the imposition of liability depends, properly, on a consideration of the whole. Thus, unless ORS 18.470 is somehow to the contrary, it cannot be seriously disputed that, in this case, evidence of Rector's conduct and role in the accident was relevant[7] to whether Melillo's conduct was a "substantial factor" in causing the accident—and, thus, whether defendant was liable for Lyons's death.

■ ORS 18.470 provides, in part:

"(2) The trier of fact shall compare the fault of the claimant with the fault of any party against whom recovery is sought, the fault of third party defendants who are liable in tort to the claimant, and the fault of any person with whom the claimant has settled. The failure of a claimant to make a direct claim against a third party defendant does not affect the requirement that the fault of the third party defendant be considered by the trier of fact under this subsection. Except for persons who have settled with the claimant, *there shall be no comparison of fault with any person*:

"(a) *Who is immune from liability to the claimant*;

"(b) Who is not subject to the jurisdiction of the court; or

---

[7] *See, e.g., State v. Grey*, 175 Or App 235, 249, 28 P3d 1195 (2001), *rev den* 333 Or 463 (2002) (noting that evidence is "relevant" under OEC 401 if it "even slightly increases or decreases the probability of the existence of a fact of consequence").

"(c) Who is not subject to action because the claim is barred by a statute of limitation or statute of ultimate repose.

"* * * * *

"(5) This section does not prevent a party from alleging that the party was not at fault in the matter because the injury or death was the sole and exclusive fault of a person who is not a party in the matter." (Emphasis added.)

The text of ORS 18.470 is explicit: It addresses the jury's apportionment of *comparative fault* and precludes the jury, in performing that allocation, from considering the fault of an immune person. The statute does not speak to a jury's determination of "substantial factor" *causation*—that is, whether a party is at fault *at all*. Indeed, ORS 18.470(2) and (5) do not include any reference to "cause" or "causation."

That construction of the statute comports not only with its unambiguous text but also with common sense. Plaintiffs' construction and application of ORS 18.470(2) and (5) would have required the jury to determine whether Melillo's conduct was a substantial factor in causing the accident without reference to Rector's actions. That would be tantamount to showing an audience one scene in the middle of a movie and then asking them to render an opinion as to its ultimate significance without seeing the rest of the film. We thus conclude that ORS 18.470(2) and (5) do not somehow render inadmissible evidence of an immune actor's conduct that is relevant to determining whether a defendant's conduct was a substantial factor in causing an injury.

With that general holding established, we turn, briefly, to its application to plaintiffs' specific assignments of error. In their first assignment of error, plaintiffs argue that their *in limine* motion seeking exclusion of any "evidence, argument or information that asks the jury to attribute any fault for the accident to the actions of Sergeant Rector" should have been granted because that evidence was irrelevant in the context of this case. As we have explained, however, notwithstanding ORS 18.470(2)'s proscription against allocating fault to Rector because of his statutory immunity, Rector's conduct and the role that conduct played in causing the accident were relevant to whether Melillo's conduct was a

substantial factor in causing Lyons's death. Plaintiffs' first assignment of error, thus, is without merit.

■ Plaintiffs' third assignment of error, pertaining to the rejection of their proposed jury instructions, is similarly unavailing.[8] Each of those jury instructions directed the jury that it could consider Rector's conduct only if it was the "sole and exclusive" cause of the accident. *See* 183 Or App at 80 n 3. Such a determination, however, was not a prerequisite to consideration of Rector's conduct. Rather, as explained above, 183 Or App at 83-85, even if Rector's conduct was not the sole and exclusive cause of the accident, evidence of that conduct and its effect was highly relevant to determining whether defendant was a substantial factor in causing the accident. Thus, plaintiffs' proposed instructions erroneously circumscribed the jury's consideration of Rector's conduct and were properly rejected by the trial court. *See Hernandez v. Barbo Machinery Co.*, 327 Or 99, 106, 957 P2d 147 (1998) (parties are generally entitled to jury instructions on their theory of the case if, *inter alia*, the requested instructions correctly state the pertinent law).

Plaintiffs' fourth assignment of error, which challenged the trial court's instruction to the jury that it "need not find that one person's conduct was the sole cause of the accident," fails for similar reasons. Plaintiffs' objection to that instruction proceeds from the premise that "Sergeant Rector's conduct was irrelevant to the jury's deliberations *unless* he was the sole cause of the collision" and that, because the given instruction omitted such a qualifier, it was "inaccurate and highly misleading." However, as we have held, that premise is erroneous—the potential relevance of Rector's conduct was not so limited.

■ The last of plaintiffs' related assignments of error, the fifth assignment of error, challenges the court's rejection of plaintiffs' proposed special verdict form. That proposed verdict form would have *first* asked the jury if the collision was "caused solely and exclusively by the actions of Sergeant James Rector" and then, if the answer to that question was "no," asked if defendant was "negligent in one or more ways

---

[8] We address plaintiffs' second assignment of error below. 183 Or App at 87-88.

claimed by plaintiffs which was a cause of injury to plaintiffs." *See* 183 Or App at 81-82 n 4. Instead, the court adopted a verdict form that omitted the first question and merely began with the second. Thus, the actual verdict form properly, and immediately, focused the jury's attention on the threshold issue of *defendant's* liability—*viz.*, did Melillo's conduct breach a standard of care and, if so, was that conduct a substantial factor in causing the accident?[9] Conversely, plaintiffs' proposed verdict form would have interjected the notion of *Rector's* fault. The court correctly concluded that the central issue before the jury was properly framed as whether, and to what extent, defendant was liable, and that the interposition of an interrogatory relating to Rector's fault would be potentially confusing. There was no error.

We consider, finally, plaintiffs' second assignment of error, which raises a qualitatively different argument as to the admissibility of certain expert testimony concerning Rector's role in the collision. In that assignment, plaintiffs argue that the trial court improperly admitted reports and testimony by several OSP experts expressing the opinion that Rector's "improper" U-turn was the "principal contributing factor" to the crash. Plaintiffs assert that those opinions should have been excluded under OEC 702 and OEC 704[10] as "unhelpful" to the jury because they simply told the jury how to rule on an ultimate issue of fact, *viz.*, causation.

In denying plaintiffs' *in limine* motion, the trial court observed:

> "[I]t's a little hard to rule on this *in limine*, because I'm not sure the form in which the testimony is going to come in,

---

[9] Although the special verdict form referred to "causation" generally, the court's instructions, *see* 183 Or App at 81, defined causation as "substantial factor" causation.

[10] OEC 702 provides:

> "If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise."

OEC 704 provides:

> "Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."

but I think that not only the factual analysis of the physical aspects of the scene, speeds, point of impact, and so on would be helpful to the jury, but in fact the opinions as to what caused the crash. Now, obviously we know in the case of Sgt. Rector that nobody's going to suggest that he should be held responsible in this case, because he can't be, and I think such opinions in the form in which I'm anticipating them, as they've been laid out here would come in, would be helpful to the jury under 702 and are permissible under 704. For that reason, I am denying—and I realize that plaintiffs' motion No. 5 does have two parts—the illegal U-turn part and the principal contributing factor component. I'll allow testimony for both of those."

We endorse the trial court's reasoning. Even assuming that expert opinion testimony as to *Rector*'s *"principal"* role in causing the crash is properly considered opinion testimony as to the ultimate issue of whether *Melillo*'s conduct was a *substantial factor* in the accident,[11] that testimony was helpful to the jury. Specifically, the challenged opinions by qualified accident reconstruction experts, while bearing on whether Melillo's conduct was a substantial factor in causing the accident, also could have assisted the jury in understanding the dynamics of the accident, including Rector's and Melillo's actions leading up to and during the accident, as well as the speed and location of each vehicle. Moreover, opinion testimony as to Rector's role in causing the accident was *uniquely probative of whether the accident was avoidable* on the part of Melillo, which was vigorously disputed at trial. There was no error.

Affirmed.

---

[11] *See* Christopher B. Mueller and Laird C. Kirkpatrick, 3 *Federal Evidence* § 360 at 702 (2d ed 1994) ("[T]here is not and never has been a satisfactory way to distinguish [ultimate] facts from other (perhaps 'intermediate') facts.").