Argued and submitted January 14, reversed and remanded July 23, petition for review denied November 5, 2008 (345 Or 415)

Roxann MAGNUSON,
*Plaintiff-Appellant,*

*v.*

TOTH CORPORATION,
dba Len's Home Sales,
and dba Len's Home Center,
an Oregon corporation,
and Marv Palmer,
*Defendants-Respondents.*

Coos County Circuit Court
06CV0090; A134492

190 P3d 423

Douglas G. Schaller argued the cause for appellant. With him on the briefs were Scott C. Lucas and Johnson, Clifton, Larson & Schaller, P.C.

Janet M. Schroer argued the cause for respondents. With her on the brief were Cecil Reniche-Smith and Hoffman, Hart & Wagner, LLP.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

## LANDAU, P. J.

Plaintiff was injured when she fell three or four feet to the ground from the front doorway of her manufactured home, into which she had moved before construction was completed. Plaintiff sued defendants, who sold and installed the home, alleging that they were negligent in failing to provide steps and handrails to the front door and in failing to secure the front door so that it could not be opened until steps were provided. Defendants moved for summary judgment, arguing that plaintiff could not prove causation and that any duty that they owed to plaintiff was limited by the contract between the parties, which did not include the obligation to install temporary steps. The trial court granted defendants' motion and entered judgment dismissing plaintiff's complaint. Plaintiff appeals, arguing that there are genuine issues of material fact that preclude summary judgment on her negligence claim. We agree and reverse and remand.

The relevant facts are not in dispute. Defendant Toth Corporation, which does business as Len's Home Sales and Len's Home Center, owns and operates mobile home dealerships and mobile home parks. Defendant Palmer is a manager for Len's Home Sales. Plaintiff and her husband purchased from defendants a lot in one of Toth Corporation's subdivisions located in Coos Bay. They also entered into a purchase agreement for a new manufactured home to be placed on the lot. The agreement did not specify a completion date. The home was to be manufactured by another company, Fleetwood Homes of Washington, Inc., and delivered to the site, where defendants would prepare it for occupancy. The usual practice is to connect the two halves of the home that are delivered to the site, leveling the ground, setting them on blocks, and backfilling to provide a stable base for stairs and a porch or deck, depending on the owners' preference. Installation is not considered complete until skirting and steps have been installed.

A manufactured home was delivered to the home site that plaintiff and her husband had purchased. The power was connected, along with water and sewer service. Installation was not yet complete; defendants had not completed the

outside grading and had not constructed the required permanent stairs and skirting. Plaintiff and her husband, however, wanted to move into the home right away. They asked defendants whether they could move in. Defendants warned them that the site was not a safe environment, but said that plaintiff and her husband had permission to move in.

At the time that plaintiff and her husband moved in, the floor level of the home was approximately three to four feet off the ground. It was defendants' practice to provide temporary steps when owners move in before permanent steps and porches are installed. In this case, defendant provided temporary steps for two of the three exterior doors on the manufactured home. Defendants did not provide temporary steps for the front door. Nor did they secure the front door to prevent it from opening until permanent steps were completed.

Both plaintiff and her husband were aware of the fact that there were no temporary steps at the front door. Both regarded the fact as insignificant, because they did not use the front door.

On the day of plaintiff's injuries, she heard the front storm door banging in the wind. She decided to open the inside front door in order to secure the front storm door. As she reached for the storm door, she fell, landing face-first on the ground, causing significant injuries. Plaintiff cannot recall precisely what caused her to fall and later testified that she was just "swept off" of the threshold. A witness who was driving by saw the incident and later testified that he saw plaintiff holding onto the handle of the storm door and that it appeared to him that the wind caught the door and pulled her out of the doorway.

Plaintiff filed a complaint for common-law negligence against defendants, alleging that they were negligent in failing either to secure the front door so that it would not open, or to provide or construct temporary steps or handrails and a landing. Defendants moved for summary judgment. They contended that, as a matter of law, plaintiff could not establish that their failure to provide steps or secure the front door was the cause in fact of plaintiff's injuries and that, in

any event, their duties to plaintiff were specified in their contract with her, and that contract did not require them to install temporary steps or to take other measures to ensure plaintiff's safety upon her decision to move in before completion of the premises. The trial court granted the motion, concluding that plaintiff had failed to produce evidence establishing a causal connection between defendants' alleged negligence and her injuries.

On appeal, plaintiff contends that, viewing the evidence and all reasonable inferences in the light most favorable to her, there was evidence from which a reasonable juror could infer that she would not have fallen if the front door had been secured shut so that it could not be opened or if defendants had provided steps and a handrail. Defendants reiterate the positions that they advanced before the trial court, *viz.*, that plaintiff cannot establish cause in fact and that, in any event, their contract precludes negligence liability.

■ On appeal, we examine the record to determine whether "there is no genuine issue of any material fact and the moving party [was] entitled to judgment as a matter of law." *Robinson v. Lamb's Wilsonville Thriftway*, 332 Or 453, 455, 31 P3d 421 (2001). No issue of material fact exists if, viewing the testimony in the light most favorable to the nonmoving party—here, plaintiff—"no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment." ORCP 47 C. Because plaintiff would have the burden at trial of producing evidence of defendants' alleged negligence, she has the burden of producing evidence on that issue on summary judgment. *Davis v. County of Clackamas*, 205 Or App 387, 393-94, 134 P3d 1090, *rev den*, 341 Or 244 (2006). In a negligence claim, the plaintiff's burden includes presenting evidence of "cause in fact," by showing either that the defendant's conduct was the "but-for" cause of the plaintiff's harm or, in the case of multiple potential causes, that it was a substantial factor" in bringing about the harm. *Joshi v. Providence Health System*, 342 Or 152, 161-62, 149 P3d 1164 (2006).

In arguing that plaintiff failed to satisfy her burden to prove but-for causation in this case, defendants emphasize that it is undisputed that plaintiff was aware that there were no steps at the front door and that she even testified that she did not consider that circumstance to be a hazard, because she did not use the front door to enter and leave the manufactured home. Further, defendants point out that plaintiff testified that she did not know why she fell and that, in fact, she failed to testify that the presence of steps or a handrail would have prevented her from falling. In the absence of such testimony, defendants contend, it is pure speculation as to what might have happened had the door been secured shut or had steps and a handrail been in place.

Plaintiff contends that such direct evidence is not required. According to plaintiff, it is sufficient for her to provide evidence from which a factfinder could make inferences sufficient to establish but-for causation. In this case, she insists, there is such evidence. Among other things, she contends, there is evidence that defendants knew that the condition of the site was not safe, that their usual practice was to provide temporary steps, and that an eyewitness saw the wind catch the door as plaintiff held on to it, pulling her out of the door. Plaintiff contends that, from that evidence, along with a measure of common sense, a reasonable inference could be drawn that steps and handrails would have prevented her fall or, at the very least, that securing the door in the first place would have prevented the accident from occurring.

We agree with plaintiff. In doing so, we emphasize the narrowness of the question before us, namely, whether there is evidence sufficient to create a genuine issue of material fact as to but-for causation. In our view, the evidence is sufficient to create such a genuine issue of material fact as to that issue. A jury could infer from the eyewitness testimony about what happened, from the fact that defendants' usual practice was to provide temporary steps, and from common sense that it was reasonably probable that defendants' failure to secure the door or to have steps in place caused plaintiff's injuries.

Contrary to defendants' contention, it is not necessary for plaintiff to present direct evidence that she fell because the door was not sealed shut or because there were no steps or a handrail; nor did she need to put on direct evidence that she would *not* have fallen if the door had been sealed shut or if there had been steps in place. *See West v. Allied Signal, Inc.*, 200 Or App 182, 192, 113 P3d 983 (2005) (the jury is permitted to draw reasonable inferences from the evidence). As Prosser and Keeton's treatise on torts explains,

> "Circumstantial evidence, expert testimony, or common knowledge may provide a basis from which the causal sequence may be inferred. Thus it is every day experience that unlighted stairs create a danger that someone will fall. Such a condition 'greatly multiplies the chances of accident, and is of a character naturally leading to its occurrence.' When a * * * person tumbles down the steps, it is a reasonable conclusion that it is more likely than not that the fall would not have occurred but for the bad lighting. When a child is drowned in a swimming pool, no one can say with certainty that a lifeguard would have saved the child; but the experience of the community permits the conclusion that the absence of the guard played a significant part in the drowning. Such questions are peculiarly for the jury; and whether proper construction of a building would have withstood an earthquake, or whether reasonable police precautions would have prevented a boy from shooting the plaintiff in the eye with an airgun, are questions on which a court can seldom rule as a matter of law."

W. Page Keeton, *Prosser and Keeton on Torts* § 41, 270 (5th ed 1984) (footnotes omitted).[1]

Defendants contend that, even if the evidence was sufficient to create a genuine issue of material fact as to causation, the trial court correctly granted summary judgment given that they had no duty to protect plaintiff from a risk of injury on her own property in the absence of a contractual obligation to install temporary steps, especially in light of plaintiff's knowledge of the hazard. Plaintiff's claim, however, is not based on a breach of contract, and the existence of a contract between the parties does not necessarily insulate

---

[1] In *Joshi*, the Oregon Supreme Court observed that "[t]his court has repeatedly looked to Prosser and Keeton for explication of tort law." 342 Or at 161 n 1.

defendants from liability for negligent conduct not governed by the terms of the contract. *See Georgetown Realty v. The Home Ins. Co.*, 313 Or 97, 106, 831 P2d 7 (1992).

In the alternative, defendants contend that, even if there is a genuine issue of material fact as to causation, summary judgment properly was granted because the circumstances of plaintiff's injury were not reasonably foreseeable, as a matter of law. According to defendants, the absence of steps was an obvious hazard and a deterrent to use of the front door, as evidenced by testimony that plaintiff and her husband did not use the front door for ingress or egress.

■■ We reject defendants' contentions. The issue of foreseeability is ordinarily one for the jury, except in the extreme case in which no reasonable factfinder could find a foreseeable risk. *McPherson v. Oregon Dept. of Corrections*, 210 Or App 602, 614, 152 P3d 918 (2007). To establish foreseeability, plaintiff is not required to present evidence that defendants knew or should have known that plaintiff would fall. The concept of foreseeability refers to "generalized risks of the type of incidents and injuries that occurred rather than predictability of the actual sequence of events." *Fazzolari v. Portland School Dist. No. 1J*, 303 Or 1, 21, 734 P2d 1326 (1987).

In this case, there is evidence that defendants were aware of the risk of falling posed by the door's height above the ground and the absence of steps; their practice, in fact, was to provide temporary stairs, although they did not do so in this case. Further, plaintiff was one of the general class of persons threatened by defendants' alleged negligence, and the harm that plaintiff suffered was the type of harm that was within the scope of the risk created by defendants' alleged negligence. *McPherson*, 210 Or App at 614. The fact that plaintiff was also aware that there were no steps at the front door may indeed bear on defendants' ultimate liability, because of plaintiff's possible comparative fault or some other reason. But the evidence of plaintiff's knowledge does not, by itself, render the injury that she suffered unforeseeable as a matter of law. *See Bailey v. Lewis Farm, Inc.*, 343 Or 276, 287-89, 171 P3d 336 (2007); *Fazzolari*, 303 Or at 16 (discussing limits of negligence liability).

We conclude that the record reflects genuine issues of material fact as to defendant's liability in negligence for plaintiff's injury and that, as a result, the trial court erred in granting defendants' motion for summary judgment.

Reversed and remanded.