Argued and submitted July 22, 2009; on appeal, affirmed in part, reversed in part and remanded for a new trial; cross-appeal dismissed as moot March 3, plaintiff-respondent/cross-appellant's petition for reconsideration filed April 20 allowed by opinion June 23, 2010

See 236 Or App 1, _____ P3d _____ (2010)

Clarence D. LASLEY,
as personal representative for the Estate of
Mark Alan Lasley,
*Plaintiff-Respondent*
*Cross-Appellant,*

*v.*

COMBINED TRANSPORT, INC.,
*Defendant-Appellant*
*Cross-Respondent,*

*and*

Judy Marie CLEMMER,
*Defendant-Respondent,*
*Cross-Respondent.*

Multnomah County Circuit Court
060808260; A137222

227 P3d 1200

Allyson S. Krueger argued the cause for appellant - cross-respondent. With her on the briefs were Danny L. Hitt, Jr., and Hitt Hiller Monfils Williams LLP.

Stephen C. Hendricks argued the cause for respondent - cross-appellant. With him on the briefs was Hendricks Law Firm, P.C.

Edward L. Daniels argued the cause for respondent - cross-respondent. With him on the brief was Law Office of Daniels & Ivers.

Before Sercombe, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.*

BREWER, C. J.

---

* Brewer, C. J., *vice* Edmonds, P. J.

## BREWER, C. J.

This is an appeal by one of two defendants in a wrongful death action. Defendant Combined Transport appeals from a judgment for plaintiff. The jury found Combined Transport 22 percent at fault and the other defendant, Clemmer, 78 percent at fault. We affirm in part, reverse in part, and remand for a new trial.

Combined Transport is a trucking company that specializes in transporting large loads of glass. While a Combined Transport truck was transporting a load of glass on I-5, 12,000 pounds of glass fell from the truck onto the highway. The glass did not fall on any other vehicles. However, the broken glass covered both lanes of traffic, resulting in northbound traffic being stopped while emergency responders cleared the glass from the highway. The clean-up took about one hour and then traffic began to move again slowly. By that time, though, the traffic was backed up for four miles.

Decedent was operating his vehicle northbound on I-5 in the vicinity of the clean-up process. As decedent's vehicle approached the traffic jam, Clemmer's vehicle struck decedent's vehicle from behind at about 65 miles per hour. Decedent's vehicle, in turn, struck a semi-truck in front of it, and decedent's vehicle instantly caught fire. Decedent died before rescue workers arrived on the scene. Clemmer later pleaded guilty to manslaughter and driving under the influence of intoxicants (DUII).

Plaintiff, decedent's father, brought this wrongful death action against Combined Transport and Clemmer. Plaintiff alleged that both Clemmer and Combined Transport negligently caused decedent's death. Clemmer admitted every allegation in the complaint with the exception of the amount of damages. Combined Transport denied that it was negligent and that its conduct caused decedent's death. Combined Transport also asserted cross-claims against Clemmer for contribution and indemnity.

At trial, the court excluded testimony regarding the criminal charges against Clemmer and her intoxication.

Combined Transport made an offer of proof that included medical records showing Clemmer's blood alcohol level on the night of the accident, the names of witnesses who would testify that they observed Clemmer drinking earlier in the evening, and the judgments of conviction against Clemmer arising from this incident and a previous DUII conviction. The trial court allowed testimony from several witnesses who saw Clemmer driving earlier in the evening. The witnesses testified to her excessive speed, tailgating, weaving in and out of her lane, and hitting a concrete barrier. Four witnesses testified that they called 9-1-1 because they were concerned about Clemmer's driving.

At the conclusion of the evidence at trial, Combined Transport moved for a directed verdict, arguing that there was no evidence that the accident was a foreseeable result of Combined Transport's conduct. The trial court denied the motion. The jury found that Combined Transport was negligent and that its negligence caused decedent's death. The jury was asked, "What is the percentage of each party's negligence that caused damage to the plaintiff?" The jury answered 22 percent for Combined Transport and 78 percent for Clemmer.

Combined Transport makes eight assignments of error, which can be assigned to four categories: (1) the trial court erred in denying its motion for a directed verdict, (2) the court erred in striking Combined Transport's cross-claim against Clemmer for contribution, (3) the court erred in excluding evidence of Clemmer's intoxication and of a previous conviction for DUII, and (4) the court erred in admitting evidence that Combined Transport had violated federal trucking regulations and in instructing the jury on negligence *per se*.

Plaintiff also cross-appeals, making two assignments of error. First, plaintiff argues that the trial court erred in calculating Combined Transport's share of the noneconomic damages. Second, plaintiff asserts that the court erred in admitting evidence of Clemmer's negligent driving at a remote time and distance from the accident.

## FORESEEABILITY

We discuss Combined Transport's eighth assignment of error first, because it is potentially dispositive. Combined Transport argues that the trial court erred in denying its motion for a directed verdict on the ground that the evidence did not establish that its conduct foreseeably resulted in decedent's injuries and death.

In reviewing the denial of a motion for directed verdict, we consider the evidence, including any inferences, in the light most favorable to the party that obtained a favorable verdict, and the verdict cannot be set aside "unless we can affirmatively say that there is no evidence from which the jury could have found the facts necessary" to support the verdict. *Brown v. J. C. Penney Co.*, 297 Or 695, 705, 688 P2d 811 (1984). "[T]he issue of liability for harm actually resulting from defendant's conduct properly depends on whether that conduct unreasonably created a foreseeable risk to a protected interest of the kind of harm that befell the plaintiff." *Fazzolari v. Portland School Dist. No. 1J,* 303 Or 1, 17, 734 P2d 1326 (1987). Foreseeability ordinarily presents questions of fact; however, where no reasonable juror could find that the kind of harm that befell the plaintiff was the foreseeable result of the defendant's negligent act, the harm is unforeseeable as a matter of law. *Buchler v. Oregon Corrections Div.*, 316 Or 499, 509, 853 P2d 798 (1993).

In several previous cases, the Supreme Court has concluded that the plaintiff's injury was unforeseeable as a matter of law. In *Hawkins v. Conklin,* 307 Or 262, 768 P2d 66 (1988), the court held that a tavern owner was not liable for injuries caused by a violent patron, because the owner had no knowledge or reason to know of the patron's violent tendencies when she served him alcohol.

In *Buchler*, a prisoner escaped from custody when the prisoner's work crew supervisor negligently left the keys in the ignition of a transport van. The prisoner then stole a gun from his mother's house 50 miles away and shot the plaintiff with it. The court held that the plaintiff's injury was not foreseeable because the prisoner did not have a history of violence. 316 Or at 502.

In *Oregon Steel Mills, Inc. v. Coopers & Lybrand, LLP*, 336 Or 329, 83 P3d 322 (2004), an accounting firm negligently completed an audit of the plaintiff's tax returns, knowing that the plaintiff planned to make a public securities offering. As a result of the defendant's negligence, the securities offer was delayed by about six weeks. In that time period, the market declined significantly, and the price at which the plaintiff could offer its shares was measurably lower. *Id.* at 333. The court held that the decline in the market, not the defendant's negligence, was the "harm-producing force." *Id.* at 345. Accordingly, the court held that the defendant was not liable as a matter of law. *Id.* at 347.

However, the Supreme Court recently has cautioned that *Buchler* and *Oregon Steel Mills, Inc.*, "turned on the specific facts before the court. Neither decision purports to convert every subsequent act of negligence into an 'intervening harm-producing force' that will immunize a defendant from responsibility for its own negligence." *Bailey v. Lewis Farm, Inc.*, 343 Or 276, 289-90, 171 P3d 336 (2007). The court went on in *Bailey* to reaffirm its decision in *Hills v. McGillvrey*, 240 Or 476, 402 P2d 722 (1965). In *Hills*, a fatal automobile accident was caused by a driver losing control of her vehicle after a mechanic installed the wrong part. The mechanic had ordered the correct part, but the supplier negligently sent the wrong one. Then, the mechanic negligently failed to verify that the part that arrived was the right part before installing it. The decedent's estate sued the mechanic and the supplier. The supplier claimed that the injury was not foreseeable and that the mechanic's negligence caused the accident. The court held:

> "If it was reasonably foreseeable that some harm to the traveling public could result from the installation of the wrong part on an automobile, and if it was reasonably foreseeable that the mechanic might negligently install on an automobile a part supplied him for such a purpose, then it would follow that there was a duty on the part of the supplier not to supply the mechanic the wrong part."

*Id.* at 482. Accordingly, the court concluded that the question whether the supplier's negligence foreseeably resulted in the accident was a triable issue of fact. *Id.*

■ Combined Transport argues, first, that decedent's injuries and death did not foreseeably result from Combined Transport's conduct, and, second, that Clemmer's negligence was an intervening harm-producing force that made decedent's injuries and death unforeseeable. In its first argument, Combined Transport contends:

> "[T]he decedent was killed four miles from the spill by Clemmer, the drunk driver. The injury occurred one and one half hours after the spill; and a full half hour after the road was reopened. The remoteness of the decedent to Combined Transport's accidental spill, in time and space, placed him outside the 'class of persons' foreseeably injured by it."[1]

We disagree. The evidence showed that 12,000 pounds of glass fell onto the highway. A jury reasonably could find that it was foreseeable that a traffic jam would result from a spill of such a magnitude on a major interstate highway. Multiple experts testified at the trial that rear-end collisions are common when traffic is stopped on an interstate highway. Furthermore, an accident reconstruction expert testified that the most dangerous part of a traffic jam is always the back, wherever that might be in relation to the place and time where the traffic jam begins. It follows that a reasonable juror could find that decedent's injuries and death were foreseeable in these circumstances. Accordingly, the trial court did not err in denying Combined Transport's motion for directed verdict on that ground.

■ In its second argument, Combined Transport asserts that here, as in *Buchler* and *Oregon Steel Mills, Inc.*, the evidence showed that an intervening harm-producing force caused the accident. Plaintiff counters that this is not an "extreme case" in which the court could decide that no reasonable factfinder could determine that the harm was foreseeable. *Najjar v. Safeway, Inc.*, 203 Or App 486, 492, 125 P3d 807 (2005). We agree with plaintiff. Although the evidence showed that Clemmer was speeding and did not slow

---

[1] Although Combined Transport's argument mentions Clemmer's intoxication, that evidence was not admitted at trial, and, accordingly, we do not consider it for purposes of this assignment of error.

down before striking decedent's vehicle, an accident reconstruction expert also testified that the accident would not have been as severe if decedent's vehicle had not been slowed or stopped. Considering the evidence that rear-end collisions are common in traffic jams and distracted drivers are common on the roadways, a reasonable juror could find that, in these circumstances, Clemmer's actions were not the kind of intervening harm-producing force that would sever the causal link between the glass spill and the harm that befell decedent. Therefore, the trial court did not err in denying Combined Transport's motion for a directed verdict.

## EVIDENCE OF INTOXICATION AND NEGLIGENT DRIVING

■ Combined Transport's second assignment of error is that the trial court erred in granting, over Combined Transport's objection, plaintiff's and Clemmer's first motions *in limine* and by excluding all evidence of Clemmer's intoxication. The court ruled that the excluded evidence was irrelevant, because plaintiff had not alleged that Clemmer was intoxicated. Combined Transport asserts that the evidence was relevant because the jury had to decide whether Combined Transport's conduct was a substantial factor in causing the accident, and it had to apportion fault between defendants. Combined Transport contends that the jury had to consider all relevant evidence in making those determinations, and evidence of Clemmer's intoxication was relevant both to establish causation and to determine the respective percentages of fault attributable to Clemmer and Combined Transport.

We have previously held that evidence of intoxication is relevant in vehicular negligence cases where there is a nexus between the asserted negligence and the consumption of alcohol. *Ostrander v. Alliance Corp.*, 181 Or App 283, 291, 45 P3d 1031, *rev den*, 335 Or 104 (2002). However, plaintiff and Clemmer argue that, because Clemmer admitted that she was negligent, evidence of her intoxication was not relevant to any disputed issue of fact. *See Blankenship v. Union Pacific Railroad Co.*, 87 Or App 410, 412, 742 P2d 680 (1987), *rev den*, 305 Or 21 (1988) (holding that it was error for the trial court to admit evidence of the defendant's negligence

where the only issue at trial was damages). Combined Transport argues that this case is distinguishable from *Blankenship* because, here, plaintiff's damages were not the only disputed factual issue, and, although Clemmer admitted her negligence, the jury still had to decide the issue of causation with regard to Combined Transport and to apportion fault under ORS 31.600 and ORS 31.605. We agree with Combined Transport.

■■ Evidence is relevant if it has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." OEC 401. The question of whether evidence is relevant under OEC 401 is reviewed for errors of law. *State v. Titus*, 328 Or 475, 481, 982 P2d 1133 (1999). However, to provide a basis for reversal or modification of a judgment, any evidentiary error must substantially affect a party's rights. *Jett v. Ford Motor Co.*, 335 Or 493, 500, 72 P3d 71 (2003); *see also* ORS 19.415(2) ("No judgment shall be reversed or modified except for error substantially affecting the rights of a party."); OEC 103(1) ("Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected[.]").

■ In a negligence claim, the plaintiff's burden includes presenting evidence of "cause in fact," by showing either that the defendant's conduct was the "but-for" cause of the plaintiff's harm or, in the case of multiple potential causes, that it was a "substantial factor" in bringing about the harm. *Joshi v. Providence Health System*, 342 Or 152, 161-62, 149 P3d 1164 (2006); *Magnuson v. Toth Corp.*, 221 Or App 262, 266, 190 P3d 423 (2008).

Although Clemmer admitted that she was negligent, the jury was required to consider evidence of the circumstances relating to the accident to determine whether Combined Transport's negligence was a substantial factor in causing decedent's death and, if so, to apportion fault between defendants. Clemmer's intoxication was relevant to those determinations. *See Lyons v. Walsh & Sons Trucking Co., Ltd.*, 183 Or App 76, 84, 51 P3d 625 (2002), *aff'd*, 337 Or 319, 96 P3d 1215 (2004) (holding that "[w]hether any particular cause, or any individual actor's conduct, is sufficiently

'substantial' to warrant the imposition of liability depends, properly, on a consideration of the whole"). Accordingly, the trial court erred in excluding evidence of Clemmer's intoxication.

██ Plaintiff argues that, "[e]ven if excluding the intoxication evidence might be error, the error was not prejudicial." Plaintiff contends that there was sufficient evidence of Clemmer's negligent driving to infer that the jury must have determined that she was impaired. We disagree.

The assumption that the jury inferred that Clemmer was intoxicated is purely speculative. Evidence of Clemmer's intoxication likely would have influenced the jury's determination of causation and apportionment of fault. Therefore, the error in excluding the evidence of Clemmer's intoxication substantially affected Combined Transport's rights and requires remand for a new trial. *Jett*, 335 Or at 500.

 In its third assignment of error, Combined Transport argues that the trial court erred in excluding evidence of Clemmer's past driving history, including a previous DUII conviction. Combined Transport conceded at trial that that evidence would not be relevant if evidence of Clemmer's intoxication at the time of the accident was excluded. The trial court agreed and excluded the evidence. On appeal, Combined Transport argues that Clemmer's previous DUII conviction and completion of a diversion program, including a required class about the dangers of drunk driving, were relevant to her culpability, which, in turn, was relevant to the apportionment of fault. Plaintiff and Clemmer argue that that evidence only showed blameworthiness, which was not at issue and that the evidence was unduly prejudicial even if relevant. We disagree.

" '[A]pportionment is on the basis of fault or blame. This involves a comparison of the culpability of the parties, meaning by culpability not moral blame but the degree of departure from the standard of a reasonable man. * * * Negligence ranges from the least blameworthy type, namely, inadvertence and negligent errors of judgment up to the state where knowledge or more complete knowledge supervenes and the negligence of obstinacy, self-righteousness or reckless is reached. The factfinder must be told then

under our statute, it should give consideration to the relative blameworthiness of the causative fault of the claimant and of the defendant.' "

*Sandford v. Chev. Div. Gen. Motors*, 292 Or 590, 608, 642 P2d 624 (1982) (quoting *Wing v. Morse*, 300 A2d 491, 500 (Me 1973)). The same principle applies to the apportionment of fault between joint tortfeasors. ORS 31.805 ("The proportional shares of tortfeasors in the entire liability shall be based upon their relative degrees of fault or responsibility.").

The challenged evidence was relevant to show the degree of Clemmer's departure from the standard of care of a reasonable person.

OEC 404(3) provides:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, *knowledge*, identity, or absence of mistake or accident."

(Emphasis added.) Here, Combined Transport sought to introduce evidence of Clemmer's previous DUII conviction and her completion of the diversion program to show her knowledge of the dangers of drunk driving. The excluded evidence was relevant for that purpose. Nonetheless, the evidence could be excluded if it is unduly prejudicial under OEC 403. The trial court excluded the evidence on relevance grounds under OEC 401 and, accordingly, did not make a determination under OEC 403. On remand, the court should make that determination in the first instance.

CONCLUSION

The trial court did not err in denying Combined Transport's motion for a directed verdict on the issue of foreseeability. The trial court also did not err in admitting evidence of Clemmer's negligent driving on the night of the accident. However, the court did err in excluding evidence of Clemmer's intoxication and her prior conviction for DUII, and the exclusion of that evidence was prejudicial. Accordingly, we reverse and remand for a new trial. Because we

reverse and remand for a new trial, we need not address the parties' remaining assignments of error.[2]

 On appeal, affirmed in part, reversed in part and remanded for a new trial; cross-appeal dismissed as moot.

---

[2] Combined Transport also assigns error to the court striking its cross-claim for contribution against Clemmer. Combined Transport's arguments appear to be premised on the understanding that the cross-claim was necessary to establish a basis in the pleadings for the admission of evidence of Clemmer's intoxication and criminal conduct. Given our disposition of the evidentiary assignments of error, the fact that the cross-claim was dismissed without prejudice, and the fact that any fault will be allocated proportionally to Clemmer and Combined Transport under ORS 31.600 regardless of a cross-claim, we do not reach that assignment of error.