237 P.3d 859 (2010)
236 Or. App. 1
Clarence D. LASLEY, as personal representative for the Estate of Mark Alan Lasley, Plaintiff-Respondent, Cross-Appellant,
v.
COMBINED TRANSPORT, INC., Defendant-Appellant, Cross-Respondent, and
Judy Marie Clemmer, Defendant-Respondent, Cross-Respondent.
060808260; A137222.
Court of Appeals of Oregon.
On Plaintiff-Respondent/Cross-Appellant's Petition for Reconsideration April 20, 2010.
Decided June 23, 2010.
*860 Stephen C. Hendricks and Hendricks Law Firm, P.C., for petition.
Before SERCOMBE, Presiding Judge, and BREWER, Chief Judge, and ARMSTRONG, Judge.
BREWER, C.J.
Plaintiff petitions for reconsideration of our opinion in Lasley v. Combined Transport, Inc., 234 Or.App. 11, 227 P.3d 1200 (2010). We allow the petition for reconsideration, clarify our decision, and adhere to it as clarified.
Decedent, plaintiff's son, died in a car accident. Plaintiff then brought negligence claims against two defendantsCombined Transport, a trucking company that spilled a large load of glass onto the roadway causing a four-mile traffic jam, and Clemmer, whose vehicle struck decedent's vehicle as it approached the back of the traffic jam. Clemmer was intoxicated at the time of the accident; however, that evidence was excluded as irrelevant at trial. Id. at 14-15, 227 P.3d 1200.
We held that the evidence of Clemmer's intoxication was relevant for two reasons: (1) the determination of whether Combined Transport's conduct was a cause-in-fact of decedent's injury and death, and (2) for the apportionment of fault between the two defendants. Id. at 19-20, 227 P.3d 1200. In his petition for reconsideration, plaintiff argues that our holding erroneously conflated the standard for apportionment of fault with that for cause-in-fact. We allow reconsideration in order to clarify that the evidence of Clemmer's intoxication was relevant to each determination for a separate reason.[1]
The following paragraph from the court's opinion may be the source of plaintiff's confusion:
"Although Clemmer admitted that she was negligent, the jury was required to consider evidence of the circumstances relating to the accident to determine whether Combined Transport's negligence was a substantial factor in causing decedent's death and, if so, to apportion fault between defendants. Clemmer's intoxication was relevant to those determinations. See Lyons v. Walsh & Sons Trucking Co., Ltd., 183 Or.App. 76, 84, 51 P.3d 625 (2002), aff'd, 337 Or. 319, 96 P.3d 1215 (2004) (holding that `[w]hether any particular cause, or any individual actor's conduct, is sufficiently "substantial" to warrant the imposition of liability depends, properly, on a consideration of the whole'). Accordingly, the trial court erred in excluding evidence of Clemmer's intoxication."
Lasley, 234 Or.App. at 20-21, 227 P.3d 1200. We allow reconsideration to clarify the bases for the two conclusions in the foregoing passage.
First, the evidence of intoxication is relevant to the jury's "substantial factor" analysis because it is relevant to the cause of the accident. There is an adequate factual nexus between the testimony concerning the quality of Clemmer's driving and her consumption of alcohol to allow the jury to make the determination that the alcohol affected her ability to control her vehicle and keep a proper lookout. That, in turn, could affect the jury's determination of what caused the accident. Ostrander v. Alliance Corp., 181 Or.App. 283, 291, 45 P.3d 1031, rev. den., 335 Or. 104, 59 P.3d 1279 (2002). Accordingly, Clemmer's intoxication is relevant to the cause-in-fact determination regarding the conduct of Combined Transport, because the jury must consider the "totality of potentially causative circumstances" in making that determination. Lyons, 183 Or.App. at 84, 51 P.3d 625.
On the other hand, the evidence of intoxication is relevant to the apportionment of fault, because it shows blameworthiness. The considerations announced in Sandford v. Chev. Div. Gen. Motors, 292 Or. 590, 608, 642 P.2d 624 (1982), which are quoted in our original opinion, Lasley, 234 Or.App. at 21-22, 227 P.3d 1200, regarding the relevance of Clemmer's previous driving history for the purpose of apportionment of fault, were also pertinent to the relevance of Clemmer's intoxication for the same purpose. The evidence of Clemmer's intoxication shows the degree of Clemmer's departure from the standard of care of a reasonable person, and, *861 accordingly, is a proper consideration for the jury in apportioning fault.
Reconsideration allowed; former opinion clarified and adhered to as clarified.
NOTES
[1] We reject plaintiff's other argument without discussion.